MARVIN EDWARD HASE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hase v. Commissioner
Docket No. 9072-76.
United States Tax Court
T.C. Memo 1977-189; 1977 Tax Ct. Memo LEXIS 249; 36 T.C.M. (CCH) 778; T.C.M. (RIA) 770189; June 21, 1977, Filed Marvin Edward Hase, pro se. Gerald Leland, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of *250 section 7456(c) of the Internal Revenue Code and General Order No. 5 of this Court. [1] The Court agrees with and adopts Special Trial Judge Gussis' opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1974 in the amount of $1,565. The issue is whether petitioner is entitled to a deduction for traveling expenses while away from home within the meaning of section 162(a)(2), Internal Revenue Code of 1954. [2]
FINDINGS OF FACT Petitioner and his wife filed a timely joint Federal income tax return for the year 1974. Petitioner resided in Aberdeen, South Dakota at the time of filing his petition. Late in 1972 or early in 1973 petitioner was assigned by his employer (Loosen, Inc.) to work on the construction of a building in Aberdeen, South Dakota *251 as mechanical superintendent in charge of all plumbing, heating, air conditioning and ventilation for the project. While working in Aberdeen, petitioner lived in a rented mobile home and his family remained in their residence in Minneapolis, Minnesota. Petitioner received a per diem allowance of $20 from Loosen, Inc. while employed on the Aberdeen project in 1974 (or a total of $1,880). Petitioner terminated his employment with Loosen, Inc. in Aberdeen in April 1974. In February 1973 divorce proceedings were instituted and in June 1974 petitioner and his wife were divorced. Petitioner remarried in July 1974. After leaving Loosen, Inc. in April 1974, petitioner was employed by Anderson-Cherne as assistant superintendent for mechanical construction on the construction of a beet plant in Wahpeton, North Dakota. Petitioner remained on the Wahpeton job for a period of six months (May through October 1974). Petitioner stayed in rented quarters in Wahpeton while his second wife and the two children from her former marriage remained in their residence in Aberdeen. Petitioner had moved his possessions into the Aberdeen residence in May 1974. Petitioner received a per diem allowance *252 of $16 while employed on the Wahpeton construction job for six months in 1974, or a total of $2,320. Petitioner included the total per diem allowance of $2,320 in income on his 1974 income tax return. Respondent disallowed in full the business expense deduction claimed by petitioner in 1974 in the amount of $5,585. OPINION Generally, a taxpayer's "home" for purposes of section 162(a)(2) is in the vicinity of his principal place of employment. Michaels v. Commissioner, 53 T.C. 269, 273 (1969). However, if employment in a particular location is temporary rather than indefinite or indeterminate in duration, then the traveling expenses (including meals and lodging) incurred by the taxpayer with respect to such employment may be deducted. Peurifoy v. Commissioner, 358 U.S. 59 (1958). Here, the respondent has now conceded that petitioner's assignment in 1974 for a six-month period (May through October) to the Wahpeton job in North Dakota was temporary in nature. However, respondent contends that petitioner is entitled to deduct only $1,547 of the total $2,320 per diem allowance received by petitioner on the Wahpeton job. The amount of $1,547 *253 represents the per diem allowance received by petitioner from July (when he was married a second time) through October. We see no justification for so limiting the amount deductible. The record establishes to our satisfaction that petitioner actually maintained a principal residence in Aberdeen beginning in May 1974 (some two months prior to his second marriage) and that consequently he was incurring duplicate living expenses during the entire six-month period he worked in Wahpeton. See Tucker v. Commissioner, 55 T.C. 783, 786 (1971). We hold therefore that he is entitled to deduct the full amount of $2,320. Petitioner also received a total per diem allowance of $1,880 from Loosen, Inc. while he was working on the Aberdeen construction job in 1974. During this period, his family lived in Minneapolis. Deductibility of this reimbursed amount as a traveling expense turns upon whether the Aberdeen job was temporary or indefinite in nature. Employment will be considered indefinite, rather than temporary, if its termination cannot be reasonably foreseen within a fixed or reasonably short period of time. Stricker v. Commissioner, 54 T.C. 355 (1970), *254 affd. 438 F.2d 1216 (6th Cir. 1971). Petitioner testified that when he was first assigned to the Aberdeen job, he expected to stay on that job until it was finished. He also testified somewhat generally that there was a possibility he would not stay on that job until it was completed. When petitioner left the Aberdeen job in April 1974 to take the Wahpeton job, it does not appear that the construction job in Aberdeen had yet been completed. On this record we must find that petitioner expected to stay on the Aberdeen job for an indefinite period of time and consequently we must hold that he is not entitled to a deduction under section 162(a)(2) for any portion of the reimbursed expenses received by him while he worked in Aberdeen. There is nothing in the record to support a deduction for any of the additional amounts claimed by petitioner in 1974 as traveling expenses or as ordinary and necessary business expenses. As to the traveling expenses, petitioner has completely failed to meet the stringent substantiation requirements of section 274(d) which provides that no deduction shall be allowed under section 162 for traveling expenses unless the taxpayer substantiates *255 by adequate records or by sufficient evidence corroborating his own testimony various designated elements of each expenditure. The regulations provide that "adequate records" consist of an account book, diary or similar record in which each element of the expenditure is recorded at or near the time of the expenditure. Section 1.274-5(c)(2), Income Tax Regs. Approximations or estimates under the rule of Cohan v. Commissioner, 39 F.2d 540 (2nd Cir. 1930) are not permitted. Sanford v. Commissioner, 50 T.C. 823, 828 (1968), affd. per curiam 412 F.2d 201 (2nd Cir. 1969). There is no indication that petitioner kept such contemporaneous records covering the expenditures in question and, in fact, petitioner readily admitted at the trial that the amounts deducted on the return were approximations. We have no alternative on this record but to sustain the respondent as to the remaining traveling expenses disallowed. With respect to other miscellaneous business expenses in lesser amounts also disallowed, petitioner has the burden of proof to establish that he is entitled to such deductions. Rule 142, Tax Court Rules of Practice and Procedure. There *256 is no evidence in the record as to such expenditures and consequently, on this record, we must sustain the respondent's determination. Decision will be entered under Rule 155. Footnotes
1. Pursuant to General Order No. 5 the post-trial procedures set forth in Rule 182 of this Court's Rules of Practice and Procedure are not applicable to this case.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩